******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MULLINS, J., with whom ROBINSON, C. J., and D'AURIA, Js., join, dissenting. I agree with much of the well reasoned analysis set forth in today's decision. In particular, I agree with the definitions that it articulates and the factors that it identifies as relevant to assessing whether a disfigurement rises to the level of "serious disfigurement." General Statutes § 53a-3 (4). Certainly, this area was in need of clarification, which this court now has provided. I do not agree, however, that, under the clarification provided today, no reasonable juror could find that the injury the defendant, Divenson Petion, inflicted on the victim, Rosa Bran, rose to the level of serious disfigurement. The source of my disagreement stems from the fact that the question of whether this injury constituted a serious disfigurement is a quintessential jury question. Under the facts of the present case, I cannot conclude that, as a matter of law, no reasonable juror could find that Bran's principal injury, namely the larger cut that required ten stitches to close and left a one and one-half inch permanent scar on her forearm, rose to the level of serious disfigurement.

Indeed, although I might not view Bran's injury as one that substantially detracts from her appearance, I cannot conclude that no reasonable juror could conclude otherwise. The injury is permanent, of a sufficient size, and in a sufficiently visible location that others might view it as a significant cosmetic deformity. I do not intend to suggest that this court has no role in reviewing such findings. A disfigurement that is not permanent, or one that is permanent but far less visible, might clearly fail to meet the threshold. That is not the present case. Thus, I would conclude that the evidence presented in this case was sufficient for a reasonable juror to determine that Bran's injury "is an impairment of or injury to the beauty, symmetry or appearance of a person of a magnitude that substantially detracts from the person's appearance from the perspective of an objective observer." Accordingly, I would affirm the judgment of the Appellate Court.

Finally, because I believe the defendant's conviction should be upheld, I need not reach the issue of whether this court should overrule *State* v. *LaFleur*, 307 Conn. 115, 51 A.3d 1048 (2012). For the foregoing reasons, I respectfully dissent.